**THE SAUL ZAENTZ COMPANY,
a corporation Plaintiff,**

v.

**SPRINT, a corporation Defendant.**

**No. C–02–1956–SC.**

United States District Court,
N.D. California.

July 22, 2003.

Paul N. Halvonik, Berkeley, CA, Megan Halvonik, Sacramento, CA, Martin R. Glick, Robert T. Cruzen, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, A Professional Corporation, San Francisco, CA, for Plaintiff the Saul Zaentz Company.

Jessie F. Beeber (Pro Hac Vice), Andrew D. Patrick (Pro Hac Vice), Edward H. Rosenthal (Pro Hac Vice), Frankfurt Kurnit Klein & Selz, New York, NY, for Defendant Sprint Spectrum L.P., incorrectly sued herein as Sprint, a corporation.

## *PERMANENT INJUNCTION*

CONTI, District Judge.

WHEREAS, this action was filed on or about April 22, 2002 (the "Action"); and

WHEREAS, the parties to this Action are plaintiff The Saul Zaentz Company ("Zaentz") and Sprint Spectrum L.P. ("Sprint"), sued herein as Sprint, a corporation (collectively, the "Parties"); and

WHEREAS, the Parties have agreed to a confidential resolution of the Action; and

WHEREAS, as a part of that resolution, Sprint has consented to the entry of a permanent injunction against it as detailed below; and

WHEREAS, good cause for entry of such an order appearing to the Court:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Sprint,

its agents (including, without limitation, Publicis & Hal Riney and Harvest), employees and all persons in active concert with it, are permanently enjoined from publishing, broadcasting, disseminating or using in any manner the television commercial that is the subject of this Action (the "Commercial") or any version or draft of the Commercial, or any future version of the Commercial that is· substantially similar under U.S. copyright law to the film "One Flew Over the Cuckoo's Nest";

AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own attorneys' fees and costs incurred in connection with this Action;

AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this Action and the Parties to the extent necessary to enforce this permanent injunction.

IT IS SO ADJUDGED.

IT IS AGREED that this permanent injunction (the "Injunction") may be entered between the Parties in this Action.

The Parties whose counsel sign this Injunction agree and represent to the Court that:

1. This court has jurisdiction over the subject matter and each party to this action, not only for purposes of rendering the Injunction, but for enforcing it in any matter permitted by law. This Injunction will be fully enforceable against Sprint, all persons named in this Injunction, and any and all other persons in active concert with those persons.

2. The Parties have been fully counseled on and understand the consequences of this Injunction.

3. The attorneys who sign this Injunction on behalf of the Parties are fully authorized to do so on behalf of their respective principals.